```
                    UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NORTH CAROLINA
                          WESTERN DIVISION

                       NO: 5:07-CV-352-FA
                           5:07-CV-353-FA
```

UNITED STATES OF AMERICA

v.                                  MEMORANDUM OPINION AND ORDER
                                    (Criminal Nos. 5:01-cr-276-2H
DONALD MORRISON                          and    5:06-cr-92-FA-1

Pending before the court is defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. According to that statute,

> A prisoner <u>in custody under sentence of a court established by Act of Congress</u> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a)(emphasis added). The language of the statute expressly contemplates that a prisoner who files a motion to vacate is currently under a sentence. See <u>United States v. Casaran-Rivas</u>, 2009 WL 325633, *4 (11th Cir. 2009) (language of § 2255 itself "assumes that the movant already has been sentenced."). "Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed." <u>United States v. Bryson</u>, 981 F.2d 720, 726 (4th Cir. 1992) (citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968)).

Morrison filed the instant motion on September 7, 2007. He was not sentenced until December 5, 2007, and his appeal was not decided until June 18, 2009. Given that Morrison filed his motion to vacate prior to sentencing, it is clear that he was not in custody under a sentence at the time of filing. See United States v. Colburn, 2009 WL 2965191, *1 (3d Cir. 2009) (dismissing habeas petition filed while awaiting sentencing as premature); United States v. Gonzalez, 2008 WL 4104252, *2 (2d Cir. 2008) ("Because Gonzalez made the motion while awaiting resentencing, and hence not while under sentence of a court, the motion was not made under Section 2255."); Garmon v. United States, 2009 WL 3112150, *2 (W.D.N.C. 2009) ("Inasmuch as Petitioner currently is not in custody under a sentence of this Court, [because he has not yet been sentenced], his attempt to obtain relief under § 2255 is premature."). Accordingly, his motion is DISMISSED.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Order to all counsel of record, the United States Marshal, and the Probation Office of this court.

**IT IS SO ORDERED** this 30th day of March, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge